IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NACOLE ADAMS**                                                                                            **PLAINTIFF**

v.                                                                           CIVIL ACTION NO.: 3:22-cv-507-HTW-LGI

**HOLMES COMMUNITY COLLEGE**                                                            **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Nacole Adams, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for race discrimination and retaliation pursuant to Title VII, as amended, and 42 U.S.C. §1981, as amended, and for disability discrimination and retaliation pursuant to the Americans with Disabilities Act of 1990, as amended, and the Rehabilitation Act of 1973, as amended, against Defendant Holmes Community College. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Nacole Adams, is an adult African American female citizen of Rankin County, Mississippi.

2. Defendant, Holmes Community College, may be served with process by serving: Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39211.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over the claims asserted by Plaintiff and venue is proper in this Court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC, on August 2,

2021, a true and correct copy of which is attached as Exhibit A.  The EEOC issued a Dismissal and Notice of Right to Sue on June 13, 2022, a true and correct copy of which is attached as Exhibit B.

5. Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

**STATEMENT OF FACTS**

6. Plaintiff is a 42-year-old black female resident of Rankin County, Mississippi.

7. Plaintiff was hired on August 27, 2018, as a Librarian in the Ridgeland campus at Holmes Community College (HCC).

8. On June 8, 2021, Plaintiff was offered and signed a contract to renew her employment at HCC for the 2021-2022 school year, and she signed it on June 10, 2021.

9. Plaintiff's 2020-2021 annual performance review indicated she exceeded standards in all categories.

10. Plaintiff's supervisor's commentary appraisal of her job performance was also very positive.

11. On June 10, 2021, Plaintiff interacted with her boss, Director of Library Services James Thompson (white male).

12. During that conversation, Plaintiff was frank about some areas of disagreement she had with Mr. Thompson.

13. The intensity of the conversation caused Plaintiff to struggle with significant symptoms of anxiety and panic.

14. With the approval of Human Resources Director Julia Brown, Plaintiff was excused from work and went home.

15. Plaintiff subsequently applied for and was approved to take FMLA leave from June 11 through July 15, 2021.

16. On July 19, 2021, Plaintiff returned to work.

17. Around this time, Sarah Clay (white female) was hired as an Assistant Librarian and Ms. Brown told Plaintiff that Ms. Clay would function as her (Plaintiff's) assistant.

18. Ms. Clay confided in Ms. Adams that previously she (Ms. Clay) worked as the Librarian at another campus (i.e., the Goodman campus).

19. Ms. Clay had recently resigned but then Vice President of Institutional Research and Student Affairs Dr. Lindy McCain had asked her to come back and work at the Ridgeland library.

20. On July 28, 2021, Ms. McCain abruptly informed Plaintiff that she was terminated.

21. No reason was given by Defendant.

22. When Plaintiff pressed Dr. McCain for a reason, Dr. McCain stated, "I don't have to give you a reason" and then added, "Refusal to follow orders", but no further clarification was given.

23. After that, Ms. Clay replaced Plaintiff as the Librarian of the Ridgeland campus at HCC.

24. On August 2, 2021, Plaintiff timely filed an EEOC Charge of discrimination against HCC due to race, disability, and retaliation.

25. On November 11, 2021, in response to Plaintiff's Charge, HCC submitted a Position Statement under oath and penalty of perjury to the EEOC, a federal agency.

26. In the Position Statement submitted to the EEOC, HCC alleges that the reasons Defendant terminated Plaintiff were: (1) because of an alleged "failure to carry out the directives of Director Thompson," i.e., implementation of a new printer and reinstating the coffee service at the Ridgeland campus, and (2) because of a perceived "blatant disrespect" toward Dr. McCain.

27. Plaintiff admits that there were issues of disagreement between she and Mr. Thompson, i.e., regarding the printer and the reinstatement of the coffee service.

28. She furthermore concedes that the manner in which Director Thompson handled these seemingly minor disagreements resulted in her feeling increased symptoms of anxiety and panic, yet she contends that these issues were actually a pretext for discrimination against her based on her race and her disability.

29. The Position Statement contends that Plaintiff "unilaterally" made the decision that the coffee service was not returning to the Library.

30. Plaintiff contends this is false and a crude oversimplification of what was a actually a complex issue of Mr. Thompson's making.

31. Plaintiff contends she and Mr. Thompson had differing views about the matter and that Mr. Thompson became irritable and threatening to her when she expressed her view which differed from his.

32. Despite this disagreement, however, Plaintiff contends that eventually Mr. Thompson agreed with Plaintiff that due to the current staffing situation the coffee situation would be discontinued during the Fall 2021 semester.

33. The Position Statement also contends that Plaintiff failed to implement a new printer as instructed by Mr. Thompson.

34. Plaintiff contends that implementation of the new printer was complicated due to technical problems (e.g., removal of existing printer, necessity of adding additional hook-ups for a new one, etc.) and that Mr. Thompson was aware of these technical problems.

35. Plaintiff contends the printer-related issues faced by the Ridgeland Library were overwhelmingly technical in nature and that Mr. Thompson was aware of these issues since he was aware and sometimes involved in discussions with the Ridgeland campus maintenance and Information Technology departments.

36. Additionally, Mr. Thompson was familiar with the HCC ticketing system that keeps track of requests for printer repairs and installations.

37. Plaintiff contends that Mr. Thompson often bullied and micromanaged her, in contrast to his more hand off approach to working with white Librarians and Assistant Librarians at other campuses.

38. On more than one occasion, Mr. Thompson oddly stated to Plaintiff, "You don't fit the aesthetic…" Plaintiff attempted to remain calm and not to bristle at these comments, yet it is her contention that this was Mr. Thompson's way of referring to the difference between Plaintiff's race and the white Librarians.

39. On June 10, 2021, referring to the issues of contention, i.e., the coffee service, Mr. Thompson stated to Plaintiff that she "[couldn't] make decisions because [she didn't] fit the aesthetic."

## **CAUSES OF ACTION**

## COUNT I:  RACE DISCRIMINATION – VIOLATIONS OF TITLE VII AND 42 U.S.C. § 1981

40. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 39 above as if fully incorporated herein.

41. Defendant has discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981, as amended.

42. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

43. The unlawful actions of Defendant complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II:  RETALIATION - VIOLATIONS TITLE VII AND 42 U.S.C. § 1981

44. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 43 above as if fully incorporated herein.

45. Defendant has unlawfully retaliated against Plaintiff based on the facts identified above and is a violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended.

46. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

47. The unlawful actions of Defendant complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT III:  DISABILITY DISCRIMINATION – VIOLATIONS OF THE ADA AND THE REHABILITATION ACT

48.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 47 above as if fully incorporated herein

49.     Defendant has been discriminated against Plaintiff because of her disability based on the facts identified above which constitutes a violation of the Americans with Disabilities Act, as amended, and the Rehabilitation Act, as amended.

50.     Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

51.     The unlawful actions of Defendant complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT IV:  RETALIATION - VIOLATIONS OF THE ADA AND THE REHABILITATION ACT

52.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 51 above as if fully incorporated herein.

53.     Defendant has unlawfully retaliated against Plaintiff based on the facts identified above which constitutes a violation of the Americans with Disabilities Act, as amended, and the Rehabilitation Act, as amended.

54.     Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

55.     The unlawful actions of Defendant complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Tax gross-up and all make-whole relief;
4. Compensatory damages;
5. Punitive damages;
6. Lost Benefits;
7. Pre-judgment and post-judgment interest;
8. Attorney fees and costs; and
9. Such other relief as the Court deems just and appropriate.

THIS the 1st day of September 2022.

Respectfully submitted,

NACOLE ADAMS, Plaintiff

By: /s/ Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com