IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NACOLE ADAMS**                                                                                                                   **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 3:22-cv-00507-HTW-LGI**

**HOLMES COMMUNITY COLLEGE**                                                                                     **DEFENDANT**

**ORDER**

A settlement conference in this matter is scheduled for Wednesday, July 5, 2023 at 9:30 a.m. in **Courtroom 6D, United States Courthouse, 501 E. Court Street, Jackson, Mississippi.**

A settlement conference requires serious and thorough preparation. In accordance with Local Rule 16(g)(3), this Order sets out the procedures that the parties are to follow in preparing for the settlement conference, and the procedures that the Court will typically employ in conducting the conference. Counsel must provide a copy of this Order to their clients, and discuss these procedures with them before the settlement conference.

1. **PRIOR SETTLEMENT NEGOTIATIONS REQUIRED**. The settlement conference is not a vehicle to facilitate *the commencement* of settlement negotiations. The Court expects the parties to have *recently* exchanged **at least one written settlement demand and one written settlement offer**. To wit, at least fourteen (14) days before the settlement conference the plaintiff must serve on the defendant a written settlement proposal, which must include a specific demand amount. The defendant must respond to the plaintiff in writing with a specific offer amount. This exchange must occur within the specified time period, regardless of whether the parties have engaged in prior negotiations. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Confidential Settlement Memoranda to the Court, which are due seven (7) days prior to

1

the settlement conference. The parties must employ these discussions with the intent that the case actually be settled, if possible, without court participation. In other words, the parties and their counsel have an affirmative, good faith duty to take settlement discussions as far as reasonably possible without the assistance of the court.

2. **ATTENDANCE OF PARTIES REQUIRED.** Unless the Court allows otherwise by otherwise by separate order, **parties with full settlement authority are required to attend the conference in person**. If a party is an individual, that individual must personally attend; if a party is a corporation or governmental entity, a representative of that corporation or governmental entity (other than counsel of record) with full settlement authority must personally attend; and if a party requires approval by an insurer to settle, then a representative of the insurer with full settlement authority must attend in person. The presence of the parties and their direct participation in the discussions and "give and take" that occur materially increase the chances of settlement. Moreover, a "few minutes of observation of the parties in the courtroom is more informing than reams of cold record." *Ashcraft v. Tennessee*, 322 U.S. 143, 171 (Jackson, J., dissenting). Thus, absent a showing of extraordinary circumstances[1], the Court will not permit a client or an insurance adjuster merely to be available by telephone. If extraordinary circumstances arise, counsel shall contact Judge Isaac's chambers with a written request to excuse a person's presence; said request shall set forth the extraordinary circumstances necessitating the request. **All participants in the settlement conference must be prepared to stay until at least 5:00 p.m. (Central Standard Time), unless the Court opts to terminate the conference earlier.**

3. **FULL SETTLEMENT AUTHORITY.** The Court reserves a substantial block of

---

[1] In all but the rarest instances, the time and expense of travel to the Southern District of Mississippi shall not be considered an extraordinary circumstance.

time for each settlement conference, both in preparing for the conference and in conducting it. The Court's time is wasted and opposing parties incur unnecessary expense if a party comes to the settlement conference with zero or limited authority. "Full settlement authority" means that **the person present at the settlement conference must be the decision maker.** The decision maker must have *both* authority to make a final and binding settlement *and* authority to make the decision to the last offer or demand. It does not require that any party make any particular offer or demand, but it does require that the person who is personally present be fully authorized to make the decision to the last offer or demand without having to get additional authorization from any person not present at the conference[2]. In cases involving governmental entities that require approval from a legislative body for settlement over a certain dollar amount, the Court will explain to counsel and the person present what it expects to be conveyed to the governmental entity.

    4. **SANCTIONABLE CONDUCT.** A party who comes to a settlement conference without full settlement authority may be sanctioned. If a conference must be adjourned so that a party may obtain additional authority, that party may be sanctioned, including, but not limited to, fees incurred by the opposing party and/or their counsel with reconvening.

    5. **CONFIDENTIAL SETTLEMENT MEMORANDA.** The court directs the parties to **submit a confidential settlement memorandum no later than seven (7) days prior to the scheduled settlement conference via e-mail (isaac_chambers@mssd.uscourts.gov)**. The memorandum shall set forth the following: (a) the relevant positions of the parties concerning factual issues, issues of law, and damages along with a candid assessment of those positions; (b) the settlement negotiation history of the case, including a recitation of the specific demands and offers that have been conveyed; (c) the names and positions of the individuals who will be

---

[2] If the person attending the settlement conference does not have authority to agree to a settlement without making a telephone call, then the person on the other end of that telephone call should attend the settlement conference.

attending the settlement conference; (d) possible settlement figures; and (e) whether the parties have adequate information to discuss settlement and, if not, how the parties will obtain sufficient information prior to the settlement conference to make a meaningful settlement discussion possible. **It will not suffice for a party to simply mention that it is prepared to negotiate in good faith.** The memo should include a settlement amount or range for which the party is agreeable to settle. The memo should not exceed five (5) pages in length. The memo will not be made a part of the case file or shared with any other party. Any party who fails to submit the required memoranda may be subject to sanctions.

6. **PRESENTATIONS AT SETTLEMENT CONFERENCE.** The attorneys must be prepared to give, if requested by the magistrate judge, a brief presentation **(five minutes or less)**, similar to an opening statement, outlining the factual and legal strengths of their case. The parties also may be permitted, if they wish, to make brief statements. The judge will then hold separate, confidential caucuses with each party.

7. **THE PARTIES SHOULD BE PREPARED TO DISCUSS THE FOLLOWING DURING SEPARATE, CONFIDENTIAL CAUCUSES AT THE SETTLEMENT CONFERENCE:**

- What are your objectives in the litigation?
- What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?
- Do you understand the opposing side's view of the case?
- What are the impediments to settlement?
- What remedies are available through litigation or otherwise?
- Are there possibilities for creative resolution of the dispute?

- Are there outstanding liens? Does the plaintiff have a <u>conditional payment letter</u> identifying the amounts the lienholder has paid for which it will seek reimbursement?

8. **CONFIDENTIALITY.** The purpose of the settlement conference is to effectuate settlement of the case if possible, but the settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. All matters communicated to the magistrate judge in confidence will be kept confidential by the judge, and will not be disclosed to any other party.

9. **ASSESSMENT OF COSTS AND EXPENSES.** If a party appears at the settlement conference without having complied with the requirements of this order, then the court may cancel the settlement conference and assess against the non-complying party, attorney, or both, reasonable fees and expenses incurred by other parties in attending the settlement conference, as well as any expenses incurred by the court in attending the settlement conference.

**SO ORDERED** on this 1st day of June, 2023.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE
